**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**ASSOCIATION OF WESTERN PULP & PAPER WORKERS and Local 28, Association of Western Pulp and Paper Workers, Respondents.**

No. 24017.

United States Court of Appeals, Ninth Circuit.

Sept. 22, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Warren M. Davison (argued), Deputy Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C.; Charles M. Henderson, Director, N.L.R.B., Seattle, Wash., for appellant.

Robert A. Bennett (argued), of Willner, Bennett, & Leonard, Portland, Or., for appellees.

Before KILKENNY and TRASK, Circuit Judges, and PLUMMER,* District Judge.

PER CURIAM:

This proceeding is before the court upon petition of the National Labor Relations Board pursuant to Section 10 (e) of the National Labor Relations Act as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C.A., Sec. 151 et seq.), for enforcement of its order against the Association of Western Pulp and Paper Workers and Local 28, Association of Western Pulp and Paper Workers (hereinafter jointly referred to as the "Union") on March 6, 1968.

The sole issue presented for our determination is whether the Board properly found that the Union violated Section 8(b) (2) and (1) (A) of the Act by conditioning withdrawal of its valid request for discharge of two employees under a union-security agreement upon the payment of a fine to the Union.

We have carefully reviewed the entire record in the light of the governing principles of law. We conclude that there is nothing in the Act nor in the legislative history thereof to support the position asserted by the Union.

If the proviso contained in Section 8(a) (3) of the Act is to be rewritten or amended to permit the exaction of a fine from the member in addition to the payment of periodic dues and the initiation fees uniformly required, this should be done by the legislative and not the judicial branch of the government.

There is substantial evidence in the record supporting the Board's order and it will be enforced.

It is so ordered.